NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar No. 13644
JAMES E. KELLER
Assistant United States Attorney
Nevada Bar No. 10636
400 S. Virginia Street, Suite 900
Reno, NV 89501
Phone: (775) 784-5438
James.Keller3@usdoj.gov
*Representing the United States of America*

FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 2 3 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MYRON MOTLEY,<br>ERIC MATH, M.D.,<br>MICHAEL KWOKA,<br>MICHAEL SLATER,<br>JOSEPH JEANNETTE,<br>IVY ELLIOTT, and<br>ALESIA SAMPSON,<br><br>Defendants. | No. 3:19-cr-00026-LRH-CBC<br><br>**INDICTMENT FOR VIOLATIONS OF:**<br><br>21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 21 C.F.R. § 1306.04 – Conspiracy to Possess with Intent to Distribute and to Distribute Oxycodone and Hydrocodone, each a schedule II controlled substance (Count One)<br><br>21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 – Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine, a schedule II controlled substance (Count Two)<br><br>21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) – Distribution of Oxycodone, a schedule II controlled substance (Counts Three to Seven and Nine to Eleven)<br><br>21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) – Distribution of Hyrocodone, a schedule II controlled substance (Counts Eight, Twelve, and Thirteen)<br><br>18 U.S.C. § 2 – Aiding & Abetting (Counts Three to Thirteen) |

THE GRAND JURY CHARGES THAT:

## COUNT ONE

(Conspiracy to Possess with Intent to Distribute and to Distribute Oxycodone and Hydrocodone, each a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, 21 C.F.R. § 1306.04)

Beginning at a time unknown, but no later than on or about January 5, 2018, and continuing to on or about May 23, 2019, in the State and District of Nevada, and elsewhere,

MYRON MOTLEY,
ERIC MATH, M.D.,
MICHAEL KWOKA,
MICHAEL SLATER,
JOSEPH JEANNETTE,
IVY ELLIOTT, and
ALESIA SAMPSON,

defendants herein, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other, and with other persons known and unknown, to possess with intent to distribute and to distribute oxycodone and hydrocodone, each a schedule II controlled substance, not for a legitimate medical purpose and not in the usual course of professional practice, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and 21 C.F.R. § 1306.04.

## COUNT TWO

(Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine – 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846)

Beginning at a time unknown, but no later than on or about March 26, 2019, and continuing to on or about May 23, 2019, in the State and District of Nevada, and elsewhere,

MYRON MOTLEY,
and
IVY ELLIOTT,

defendants herein, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other, and with other persons known and unknown, to possess

with intent to distribute and to distribute methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.

## COUNT THREE
(Distribution of Oxycodone –
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C))

On or about December 6, 2018, in the State and District of Nevada,

ERIC MATH, M.D.,

defendant herein, knowingly and intentionally distributed oxycodone, a schedule II controlled substance, not for a legitimate medical purpose and not in the usual course of professional practice, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); 21 C.F.R. § 1306.04; and 18 U.S.C. § 2.

## COUNT FOUR
(Distribution of Oxycodone –
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C))

On or about December 18, 2018, in the State and District of Nevada,

MICHAEL SLATER,

defendant herein, knowingly and intentionally distributed oxycodone, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and 18 U.S.C. § 2.

## COUNT FIVE
(Distribution of Oxycodone –
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C))

On or about January 4, 2019, in the State and District of Nevada,

MYRON MOTLEY,

defendant herein, knowingly and intentionally distributed oxycodone, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and 18 U.S.C. § 2.

**COUNT SIX**
(Distribution of Oxycodone –
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C))

On or about January 11, 2019, in the State and District of Nevada,

MYRON MOTLEY,

defendant herein, knowingly and intentionally distributed oxycodone, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and 18 U.S.C. § 2.

**COUNT SEVEN**
(Distribution of Oxycodone –
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C))

On or about March 14, 2019, in the State and District of Nevada,

MYRON MOTLEY,

defendant herein, knowingly and intentionally distributed oxycodone, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and 18 U.S.C. § 2.

**COUNT EIGHT**
(Distribution of Hydrocodone –
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C))

On or about April 4, 2019, in the State and District of Nevada,

MICHAEL SLATER,

defendant herein, knowingly and intentionally distributed hydrocodone, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and 18 U.S.C. § 2.

**COUNT NINE**
(Distribution of Oxycodone –
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C))

On or about April 9, 2019, in the State and District of Nevada,

MICHAEL KWOKA,

defendant herein, knowingly and intentionally distributed oxycodone, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and 18 U.S.C. § 2.

**COUNT TEN**
(Distribution of Oxycodone –
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C))

On or about April 10, 2019, in the State and District of Nevada,

MYRON MOTLEY,

defendant herein, knowingly and intentionally distributed oxycodone, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and 18 U.S.C. § 2.

**COUNT ELEVEN**
(Distribution of Oxycodone –
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C))

On or about April 10, 2019, in the State and District of Nevada,

IVY ELLIOTT,

defendant herein, knowingly and intentionally distributed oxycodone, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and 18 U.S.C. § 2.

**COUNT TWELVE**
(Distribution of Hydrocodone –
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 21 C.F.R. § 1306.04)

On or about April 22, 2019, in the State and District of Nevada,

ERIC MATH, M.D.,

defendant herein, knowingly and intentionally distributed hydrocodone, a schedule II controlled substance, not for a legitimate medical purpose and not in the usual course of professional practice, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); 21 C.F.R. § 1306.04; and 18 U.S.C. § 2.

**COUNT THIRTEEN**
(Distribution of Hydrocodone –
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C))

On or about April 22, 2019, in the State and District of Nevada,

MYRON MOTLEY,

defendant herein, knowingly and intentionally distributed hydrocodone, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and 18 U.S.C. § 2.

**FORFEITURE ALLEGATION**
(Conspiracy to Possess with Intent to Distribute and to Distribute Oxycodone;
Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine;
and Distribution of Oxycodone)

1. The allegations of Counts 1-13 of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1) and 853(a)(2); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c).

2. Upon conviction of any of the felony offenses charged in Counts 1-13 of this Indictment,

MYRON MOTLEY,
ERIC MATH, M.D.,
MICHAEL KWOKA,
MICHAEL SLATER,
JOSEPH JEANNETTE,
IVY ELLIOTT, and
ALESIA SAMPSON,

defendants herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 21 U.S.C. § 841(a)(1), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), or 21 U.S.C. § 846, conspiracy to commit such offense:

defendants herein, shall forfeit to the United States of America, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of 21 U.S.C. §§ 841(a)(1) and 846:

defendants herein, shall forfeit to the United States of America, any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of 21 U.S.C. §§ 841(a)(1) and 846:

defendants herein, shall forfeit to the United States of America, all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841(a)(1) and 846, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §§ 841(a)(1) and 846:

an in personam criminal forfeiture money judgment including, but not limited to, at least an amount to be calculated pursuant to the forfeiture statutes in this forfeiture allegation and Fed. R. Crim. P. 32.2(b)(2)(C) (property).

3.  If any property being subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1) and 853(a)(2); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c), as a result of any act or omission of the defendants -

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any properties of the defendants for the property listed above.

All pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1), 853(a)(2), and 853(p); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); and 21 U.S.C. §§ 841(a)(1) and 846.

DATED this _25_ day of May 2019.

A TRUE BILL:

/s/

_____
FOREPERSON OF THE GRAND JURY

NICOLAS A. TRUTANICH
United States Attorney

_____
JAMES E. KELLER
Assistant United States Attorney