NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
PETER LEVITT
PETER WALKINGSHAW
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Email:  Peter.Levitt@usdoj.gov
*Representing the United States of America*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br>vs.<br><br>MYRON MOTLEY, et al.,<br><br>             Defendants. | Case No.: 3:19-cr-00026-LRH-WGC<br><br>**[PROPOSED] Order on Motion to Continue** |
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br>vs.<br><br>RANDY RAIHALL, et al.,<br><br>             Defendants. | Case No.: 3:19-cr-00027-LRH-WGC<br><br>**[PROPOSED] Order to Continue** |

Defendant Joseph Jeanette has moved to continue the trial date in *United States v. Motley*, Case No. 3:19-cr-00026-LRH-WGC (the "Motley Case") to permit counsel additional time to prepare for trial. ECF No. 172. At the time of the motion to continue, trial in the Motley Case was set for December 1, 2020; trial in the companion case *United States v. Raihall*, Case No. 3:19-cr-00027-LRH-WGC (the "Raihall Case"), was also set for that date in the event the Motley

1

Case does not proceed to trial. *See* ECF No. 156.[1] Jeanette's motion indicated that defendant Myron Motley, a defendant in both the Motley Case and the Raihall Case opposed any further continuances of the trial date. ECF No. 172 at 2. In its response to the motion to continue, the government indicated that it did not oppose the motion, but that it was ready to proceed to trial in either case on the dates currently set. ECF No. 173 at 2.

On October 26, 2020, the Court held a status conference to discuss the motion to continue and scheduling for the Motley Case and the Raihall Case. Counsel for defendant Jeanette, who had been appointed counsel in June of this year following the unexpected passing of defendant Jeanette's prior counsel, advised the Court that further time for preparation was needed. Specifically, counsel for defendant Jeanette advised that discovery in this matter is voluminous and that complications related to the ongoing coronavirus pandemic had created logistical difficulties in investigating the case.

Counsel for defendant Motley confirmed that defendant Motley opposed any further continuances. In addition to the Motley and Raihall Cases, trial in *United States v. Prior*, 3:18-cr-00019-LRH-CLB (the "Prior Case"), is also set to commence in early December, with jury selection in Elko, Nevada to begin the same week the Motley and Raihall Cases were set to proceed prior to the status conference. Both the undersigned and counsel for defendant Motley are currently assigned to the Prior Case. Pursuant to the District's internal plan for resuming jury trials during the coronavirus pandemic,[2] current safety protocols permit only one jury trial at a time in the Bruce R. Thompson Courthouse. The District's internal plan also establishes that

---

[1] References to docket entries in this Order refer to entries in the Motley Case. In the event the Motley Case did proceed to trial on December 1, 2020, the Raihall case was set for an alternative trial date of December 15, 2020. *See* Order, ECF No. 156.

[2] *Available at:* https://www.nvd.uscourts.gov/wp-content/uploads/2020/10/Plan-for-Jury-Trials-Web-Summary-Final-October-20-2020.pdf

defendants who have been in custody for the longest period of time are to be given priority. Defendant Stoney Prior has been in custody since February of 2018, and therefore the Prior Case would be given priority if both the Prior Case and either of the Motley or Raihall Cases were to continue to proceed to trial.

While the Court has confirmed that another district court judge would be available to oversee either the Motley Case or the Raihall Case the first week of December, counsel for defendant Motley advised the Court that given his obligation to the Prior Case, he would be practically unavailable to try either the Motley or Raihall Case on either December 1, 2020 or December 15, 2020. The Court inquired as to whether counsel for defendant Motley believed substitute counsel could be obtained to try either the Motley or Raihall Cases on the dates then-set, and counsel for defendant Motley advised that he did not believe that any substitute counsel would be able to effectively prepare for trial and represent defendant Motley in the remaining period between the status conference and the then-set trial dates. The Court then inquired of counsel for the parties if any party could think of a manner in which either the Motley Case or the Raihall Case could proceed to trial on the dates currently set, and no suggestions were forthcoming. The Court then inquired as to the government's position, and the government advised that while it did not oppose defendant Jeanette's motion to continue, that its strongest interest was in ensuring that defendants Motley and Jeanette be tried together, as the indictment alleges they were engaged in a joint enterprise. The Court then suggested, based on the record before it, that it would continue the trial date in the Motley Case to May 3, 2020 and would continue the trial date in the Raihall Case to May 17, 2020. After inquiring whether any of the parties had an alternative plan for how to proceed in these cases, and hearing no other suggestions, the Court then continued the trial dates as indicated above.

Accordingly, the Court hereby finds that under the Speedy Trial Act, the time from December 1, 2020 to May 3, 2020 in the Motley Case is excludable under 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by this continuance outweigh the best interests of the public and the defendants in a speedy trial based on the findings above. The Court further finds that any period of delay within that time frame in bringing defendant Motley to trial attributable to his being joined for trial with defendant Jeanette is reasonable under 18 U.S.C. § 3161(h)(6). The Court likewise finds that the time from December 1, 2020 to May 17, 2020 in the Raihall Case is excludable under 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by this continuance outweigh the best interests of the public and the defendants in a speedy trial based on the findings above. The Clerk of the Court is instructed to file this order in Case No 3:19-cr-00026-LRH-WGC and Case No. 3:19-cr-00027-LRH-WGC.

DATED this ___ day of November, 2020.

_____
HON. LARRY H. HICKS
UNITED STATES DISTRICT JUDGE