NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number: 13644
PETER WALKINGSHAW
Assistant United States Attorney
United States Attorney's Office
400 S. Virginia St.
Reno, Nevada 89501
775-784-5438

UNITED STATES DISTRICT COURT

District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:19-CR-0026-LRH-WGC-6 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PETITION FOR ACTION |
| | ) | ON CONDITIONS OF |
| IVY ELLIOTT | ) | <u>PRETRIAL RELEASE</u> |
| Defendant | ) | |

Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by <u>Jennifer Simone</u>, Senior U.S. Pretrial Services Officer. I have reviewed that Petition, and I concur in the recommended action requested of the court.

Dated this 4th day of December, 2020.

                                                NICHOLAS A. TRUTANICH
                                              United States Attorney


                                          By   /S/
                                              PETER WALKINGSHAW
                                              Assistant U. S. Attorney

PS 8
(Revised 12/04)

# UNITED STATES DISTRICT COURT
for the
# DISTRICT OF NEVADA

U.S.A. vs. IVY ELLIOTT                                          Docket No: 3:19-CR-0026-LRH-WGC-6

Petition for Action on Conditions of Pretrial Release

      COMES NOW JENNIFER SIMONE, SENIOR U.S. PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant IVY ELLIOTT. The defendant initially appeared on May 24, 2019, before U.S. Magistrate Judge Carla Baldwin and was ordered released on a personal recognizance bond with the following conditions of release:

1. The defendant shall report to U.S. Pretrial Services for supervision.
2. The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
3. The defendant shall avoid all contact directly or indirectly with co-defendants unless it is in the presence of counsel.
4. The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. This includes Marijuana and/or any item containing THC.
5. The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
6. The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.
7. The defendant shall not be in the presence of anyone using or possessing a narcotic drug or other controlled substances.
8. The defendant shall participate in a program of inpatient or outpatient substance use therapy and counseling if Pretrial Services or the supervising officer considers it advisable.
9. The defendant shall pay all or part of the cost of the substance use treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.
10. The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer.
11. The defendant shall participate in mental health treatment as directed by Pretrial Services or the supervising officer.
12. The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

On August 12, 2020, the defendant's bond was modified, allowing limited contact with co-defendants while participating in substance use and/or mental health treatment for treatment purposes only.

Respectfully presenting petition for action of Court and for cause as follows:

1. On November 6, 2020, the defendant submitted to a drug test which contained a positive result for methamphetamine.
2. On November 18, 2020, the defendant met with our office and reported she used methamphetamine on or about November 17, 2020.
3. On November 30, 2020, the defendant submitted to a drug test which contained a positive result for methamphetamine.

**PRAYING THAT THE COURT WILL ORDER THAT A SUMMONS BE ISSUED BASED UPON THE ALLEGATIONS OUTLINED ABOVE.  FURTHER, THAT A HEARING BE SET TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.     ADDITIONALLY, IT IS RECOMMENDED THE DEFENDANT'S BOND BE MODIFIED, ADDING A CONDITION THAT THE DEFENDANT RESIDE AT A HALFWAY HOUSE AS CONSIDERED NECESSARY BY PRETRIAL SERVICES, AND THAT SHE PAY ALL OR PART OF THE COSTS FOR RESIDING AT THE HALFWAY HOUSE BASED UPON HER ABILITY TO PAY.**

| ORDER OF COURT | I declare under penalty of perjury that the information herein is true and correct. Executed on this **4th** day of December, 2020. |
|---|---|
| Considered and ordered this ____ day of December, 2020 and ordered filed and made a part of the records in the above case. | Respectfully Submitted, |
| | *Jennifer Simone* |
| Honorable Larry R. Hicks<br>Senior U.S. District Judge | Jennifer Simone  *SPB*<br>Senior U.S. Pretrial Services Officer<br>Place: <u>Reno, Nevada</u> |